Appellant, Robert Harris, appeals the determination by Judge Curran that he is a sexual predator pursuant to R.C. 2950.09(C)(2). He alleges nine constitutional errors and two evidentiary challenges to that finding. For the following reasons, we affirm.
In 1983, Harris was found guilty by a jury on two counts of rape and was sentenced to concurrent sentences of life imprisonment on the first count and four to twenty-five years imprisonment on the second count. The facts underlying Harris convictions on two counts of rape were reviewed by this court as follows:
 As adduced from the record on appeal, the appellant was indicted on February 10, 1983 for the rape of a child under 13 years of age by the use of force, and for rape without a specification of the age element. The victim of these rapes, Ms. Mary Johnson, was 10 years of age when the first rape of her by the appellant, her father, occurred. The testimony of Ms. Johnson, as provided at trial, established that the appellant called her into his bedroom on April 1, 1981 and demanded that she remove her clothes. Ms. Johnson stated that she refused and upon telling her father "no" had her nightgown torn from her body by the appellant. Ms. Johnson then stated that she was pushed to the bed and raped by the appellant.
 Ms. Johnson further testified that this course of conduct by the appellant persisted for a period of approximately two years, during which a part of the time she would be required to engage in sexual intercourse on a weekly basis with her father. Ms. Johnson stated that she failed to tell anyone of her fathers sexual conduct toward her because she had been threatened by the appellant that he would hurt both her and her mother if she revealed his actions.
 In January of 1983, the victim-child stated that that was the last time the appellant forced her to have sexual relations with him. She stated that at that time, she screamed for her brother, and refused to cooperate, although appellant did consummate the rape.
State v. Harris (Mar. 2, 1984), Cuyahoga App. No. 47094, unreported at 2.
On May 16, 1997, Judge Curran held a hearing pursuant to R.C.2950.09 and reviewed the evidence presented by the state: a copy of Harris convictions and a copy of this courts 1984 opinion in which we affirmed the convictions. In a colloquy with Judge Curran, Harris admitted past mistakes and denied raping the child stating "I fondled her * * * I never had sexual contact with her." Harris was found to be a sexual predator as defined by R.C.2950.01(E).
 I.
Harris first and eleventh assignments of error read:
 I. H.B. 180, AS APPLIED TO APPELLANT, VIOLATES ART. I, SEC. 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION AND VIOLATES ART. II. SEC. 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
 XI. THE TRIAL COURT ERRED IN CONCLUDING THAT THE OHIO RULES OF EVIDENCE ARE INAPPLICABLE TO H.B. 180 PROCEEDINGS.
Harris argues that because he was convicted prior to the effective date of H.B. 180, the application of the law to him violates both the Ohio and United States Constitutions. In State v.Cook (1998), 83 Ohio St.3d 404, 700 N.E, 2d 5701 the syllabus reads:
 1. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution.
 2. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate Ex Post Facto Clause of Section 10, Article I
of the United States Constitution.
On the authority of the syllabus of Cook, supra, Harris first assignment of error is not well taken.
Similarly, Harris eleventh assignment of error was addressed by Cook, in which the Ohio Supreme Court held that "[t]he Rules of Evidence do not strictly apply to sexual predator determination hearings," and that reliable hearsay, e.g., presentence investigation reports, could be used by the court in making a sexual predator determination. 83 Ohio St.3d at 425.
In making its determination, the trial court relied upon a copy of Harris convictions and this courts opinion affirming Harris's convictions. These materials fall within the realm of reliable evidence. Accordingly, Harris's eleventh assignment of error is not well taken.
 II.
Harris's second, fourth, fifth, sixth, seventh, eighth, ninth and tenth assignments of error read:
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANTS DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTIONS, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDE "WITNESSES," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
 IV. APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANTS H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 VI. H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
 VII. H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 VIII. H.B. 180, AS APPLIED TO APPELLANT, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ART. 1, SEC. 10
OF THE OHIO CONSTITUTION.
 IX. THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANTS CONSTITUTIONAL RIGHT TO PRIVACY.
 X. H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 9, OF THE OHIO CONSTITUTION.
Harris assignments of error and argument are identical to those considered by this court in State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72731, unreported. In Ward, supra, this court found these assignments of error to be without merit. Accordingly, Harris second and fourth through tenth assignments of error are not well taken.
 III.
Harris third assignment of error reads:
 III. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
In this case, Harris complains that the states evidence was insufficient as a matter of law to allow the court to classify him as a sexual predator. The state presented evidence through this courts previous opinion that Harris raped his ten-year-old daughter for approximately two years. Harris argues that the state did not present clear and convincing evidence, as required under R.C. 2950.01(E), that he would likely commit a sexual offense in the future.
R.C. 2950.01(B) reads:
 "Sexual predator" means a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
R.C. 2950.09(B)(2) provides guidelines the factors a trial court is to consider at a sexual predator classification hearing:
 In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offenders age;
 (b) The offenders prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offenders sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offenders conduct.
Pursuant to R.C. 2950.09(B)(3), after considering the above factors, the trial court is to determine whether the offender is or is not a sexual predator by clear and convincing evidence. Clear and convincing evidence is that evidence which would create a firm belief or conviction in the mind of the trier of fact. Cross v.Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus.
In State v. Cook, the Ohio Supreme Court affirmed a determination that the offender was a sexual predator where the trial court relied on a presentence report which contained notice of three prior sexual incidents, two of which resulted in convictions. 83 Ohio St.3d at 42425. Similarly, other courts of appeal have upheld a classification of an offender as a sexual predator when the evidence that the offender was likely to commit a sexually oriented offense consisted of prior sexual acts or offenses. See State v. Beaucamp (Dec. 11, 1998), Darke County App. No. 1463, unreported; State v. Nicholson (Nov. 30, 1998), Warren App. Nos. CA98-04-040, CA98-04-043, CA98-05-053, CA98-06-066, unreported; State v. Harden (Oct. 29, 1998), Franklin App. No. 98AP-223, unreported.
In this case, the trial court had before it evidence that Harris raped his ten-year-old daughter over the course of two years as well as the facts of her unsuccessful suicide attempts. See R.C.2950.09(B)(2)(a), (b), (h). Harris also threatened his daughter if she revealed the incestuous relationship. See R.C. 2950.09(B)(2)(i). On these facts, we cannot say that the court erred by classifying Harris as a sexual predator where it had sufficient evidence to form a firm conviction that Harris was likely to engage in sexual offenses in the future. For these reasons, Harris third assignment of error is not well taken.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendants convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J., AND
KENNETH ROCCO. J., CONCUR.
JUDGE, ANNE L. KILBANE